IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:11cv519-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Plaintiff, Kenneth Cox, applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, and supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*.  His application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which she found Plaintiff not disabled at any time through the date of the decision.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. Thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").[1]   *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with

1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #7); Def.'s Consent to Jurisdiction (Doc. #8). Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of

---

respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id.* at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-two years old at the time of the alleged onset. Tr. 31. Plaintiff completed the 11th grade in high school and had past relevant work experience as a painter. *Id*. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had "not engaged in substantial gainful activity since January 15, 2009, the alleged onset date." (Step 1) Tr. 14. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "thoradic spondylosis, hypertension, hyperlipidemia, depression, anxiety, facial neuropathy." *Id*. The ALJ then found that Plaintiff did "not have an impairment or combination of impairments that [met] or medically equal[ed] one of the listed impairments." (Step 3) Tr. 16. Next, the ALJ found that Plaintiff retained the RFC to:

> perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), in function by function terms (SSRs 83-10 and 06-8p), with certain non-exertional restrictions associated with that level of exertion. The claimant's specific physical capacities during the period of adjudication have been the ability to operate arm and leg controls frequently; and stoop, kneel, crouch, crawl, balance and climb ramps/stairs occasionally. The claimant could work in a job that would not require him to climb ladders, ropes or scaffolds; and work in a job environment that would allow him to avoid concentrated exposure (5 minutes or more) to temperature extremes. The claimant's specific mental capabilities during the period of adjudication have been the ability to perform simple, routine,

repetitive tasks (SRRTs); and have the brief superficial contact with the public.

Tr. 18.  The ALJ then found that Plaintiff is unable to perform any past relevant work.  (Step 4) Tr. 31.  At Step 5, the ALJ found that, "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity," and after consulting with a VE, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform.  *Id*.  The ALJ identified the following occupations as examples: "bench assembler;" "mail clerk, non-postal;" and "light packing work."  Tr. 32.  Accordingly, the ALJ determined that Plaintiff had not been "under a disability . . . from January 15, 2009, through the date of [the ALJ's] decision."  *Id*.

IV.   **PLAINTIFF'S CLAIMS**

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision:  1) whether the ALJ's RFC determination was consistent with her acceptance of Dr. Vanderzyl's opinion; and 2) "[w]hether the ALJ presented an incomplete hypothetical to the vocational expert."  Pl.'s Brief (Doc. #12) at 1.  Because the court finds that remand is necessary on the first issue and that clarification is required as to the reasons behind the RFC determination, the court will decline to address the second issue, as it is significantly related to the first.

## V.  DISCUSSION

In ultimately determining Plaintiff's RFC, the ALJ assigned "great weight to the findings and opinions of the examining physician, Dr. Vanderzyl, in Exhibit 14F." Tr. 29.  Exhibit 14F is a copy of Dr. Vanderzyl's consultative examination report, which includes a Medical Source Statement of Ability to do Work-Related Activities (Physical) Form.  Tr. 392-404.  The ALJ discusses Dr. Vanderzyl's report and the medical source statement in detail within the decision.  *See* Tr. 23-24.  Plaintiff argues that "the ALJ's decision is not based on substantial evidence because her finding of [the] RFC focuses on some aspects of Dr. Vanderzyl's opinion but disregards other aspects of Dr. Vanderzyl's opinion."  Pl.'s Brief (Doc. #12) at 10.  More plainly, Plaintiff asserts that Dr. Vanderzyl's opinion includes more restrictions and more limitations than the RFC. Defendant never directly concedes error, but argues that the ALJ's failure to expressly list all of Plaintiff's limitations in the RFC was harmless at most.  Def.'s Brief (Doc. #13) at 7.

Plaintiff points this court to specific portions of the RFC that are inconsistent with Dr. Vanderzyl's opinion and argues that where the opinion is more restrictive than the RFC, the ALJ was required to express his rejection of the limitations.  For example, Plaintiff points this court to the findings of Dr. Vanderzyl that Plaintiff is limited to occasionally reaching "overhead with his right dominant hand (R. 395). Furthermore, he opined that Mr. Cox should never to occasionally stoop and crawl. (R. 396). Dr.

Vanderzyl also stated that Mr. Cox should never be around vibrations. (R. 397)." Pl.'s Brief (Doc. #12) at 10. Plaintiff argues that the ALJ's failure to address the limitations on vibrations and reaching overhead is important because "'[s]ignificant limitations of reaching or handling, therefore, may eliminate a large number of occupations a person could otherwise do.' [SSR 85-15] All three jobs that the ALJ found Mr. Cox could perform require frequent reaching. (R. 31, 32), U.S. Department of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, 284, 316, 343 (1993)." Pl.'s Reply (Doc. #17) at 5-6.

The court agrees with Plaintiff that this was error and not harmless. The problem is that where Dr. Vanderzyl's opinion is more restrictive than the RFC, the ALJ's deviation from Dr. Vanderzyl's opinion is not explained. Moreover, the error is more damaging in this case, where the ALJ relied so heavily on the examining physician's opinion and rejected that of Plaintiff's treating physician. Tr. 29. The ALJ had a duty to express why she was rejecting portions of Dr. Vanderzyl's opinions. *See McCloud v. Barnhart*, 166 F. App'x 410, 419 (11th Cir. 2006). Without the ALJ's explanation for why some of Dr. Vanderzyl's limitations were expressed in the RFC and some were not, the court is unable to conduct a full review of the ALJ's decision to determine whether it is supported by substantial evidence.[5]

---

[5] The court finds it significant that Defendant failed to point the court to any portion of the medical evidence of record to support the ALJ's failure to include Dr. Vanderzyl's opinions limiting Plaintiff's abilities beyond those listed in the RFC (Plaintiff's limitations to only

## VI.     CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner for proceedings consistent with this decision. A separate judgment will issue.

Done this 27th day of June, 2012.

>                               /s/ Wallace Capel, Jr.
>                               WALLACE CAPEL, JR.
>                               UNITED STATES MAGISTRATE JUDGE

---

occasionally reach overhead, never to occasionally stoop and crawl, and to never be around vibrations).